Connolly, J.
INTRODUCTION
Plaintiffs are four troopers and a sergeant with the Massachusetts Department of State Police (“the Department” or “State Police”) who seek a declaration that they and others similarly situated are eligible to participate in promotional examinations conducted pursuant to G.L.c. 22C, §26. Specifically, they seek to be declared eligible to compete for promotion to the rank of captain because, in their view, G.L.c. 22C, §26 does not require that any time be served in the next lower rank, or title, as long as the member has served a total of at least ten years within any rank. The issue for the Court is whether G.L.c. 22C, §26 requires a member to have served *251 at least some time in the next lower rank in order to be eligible for the promotional examinations for the ranks referenced therein.
The Massachusetts State Police Commissioned Officers Association was allowed to intervene as a Inter-venor/Defendant, without any objection by any party. The case came on for trial before the Court on February 17, 1994. A copy of the trial transcript is on file with the papers of the case in Norfolk Superior Court.
FINDINGS OF FACT
1. The Department of State Police (the “Department”) was created by St. 1991, c. 412, and is a consolidation of four formerly separately-administered police forces of the Commonwealth: the Division of State Police, the Metropolitan District Commission Police Force, the Division of Law Enforcement of the Registry of Motor Vehicles, and the Capitol Police. St. 1991, c. 412, §1.
2. The Department is a para-military organization with an established rank structure consisting of, from highest to lowest rank, Colonel, Lieutenant Colonel, Major Detective Captain, Captain, Detective Lieutenant, Lieutenant, Sergeant, and Trooper. Subordinate officers act on command from their superiors.
3. Promotions to the ranks of sergeant, lieutenant and captain are governed by G.L.c. 22C, §26 (“section 26”). Section 26 sets forth the factors on which promotions are to be based. One factor is a competitive written examination which is “open to all members who have completed not less than one year of service in the next lower title or who have completed a total of ten years of service as a uniformed member prior to the final date for filing applications for such examination.” G.L.c. 22C, §26.
4. The first promotional examination administered by the new Department of State Police was the captain’s exam, which took place on January 22, 1994. Applications to take the examination were required to be filed on or before November 1, 1993.
5. All five of the plaintiffs filed timely applications to take the January 22 captain’s examination. The Department denied each of their applications on the grounds that the plaintiffs did not meet the criteria set forth in Section 26. The Department interprets Section 26 as permitting only those who have completed a full year in the next lower rank, or less than a full year if the member has a total of ten years of service as a uniformed member, to compete for a higher rank. Because the plaintiffs were not serving in the next lower rank, the Department refused to allow them to take the examination.
6. Four of the five plaintiffs hold the rank of trooper. The fifth plaintiff holds the rank of sergeant. All five plaintiffs have over ten years of service as a uniformed member for purposes of Section 26. The plaintiffs claim they are entitled to take the captain’s exam by virtue of their having over ten years of service even though they have never served in the next lower rank oflieutenant. Four of the five plaintiffs have never served as sergeant, the rank below lieutenant.
7. The language in G.L.c. 22C, §26 must be interpreted in the context of its progression and origin, beginning with the legislature’s first involvement with state police promotions in 1965. This legislative history supports the Department’s interpretation of the language at issue in G.L.c. 22C, §26.
8. Prior to 1965, the Commissioner of Public Safety, who was the chief executive officer of the Division of State Police, had virtually unfettered discretion to make promotions within the ranks of the state police.
9. In 1965, the legislature standardized promotions within certain ranks of the state police in response to concerns that promotions were made not on the basis of merit but rather on the basis of political patronage. St. 1965, c. 785. See Mass. Sen. Doc. No. 1140 at 40-42 (1965). As originally inserted by St. 1965, c. 785, §2, G.L.c. 22, §90 required one full year of service in the next subordinate rank in order to be eligible to compete for a promotion to the ranks of noncommissioned officer, lieutenant, or captain. G.L.c. 22, §90. The only exception was found in St. 1965, c. 785, §4, which permitted members who had greater than ten years of service on the effective date of the act to “take a competitive promotional examination without being required to complete one year of service in the next subordinate grade . . .” St. 1965, c. 785, §4.
10. In a 1966 published opinion, the Attorney General opined that the legislature intended in Section 4 of chapter 785 to exempt those members with greater than ten years of service on the effective date of the act from the requirement that a member complete a full year of service in the next lower rank, but not the requirement that the member be serving in the next lower rank at the time of this application to take the exam. 1966 Op. Att’y Gen. No. 12, Rep. A.G. Pub. Doc. No. 12 at 386.
11. The Attorney General’s interpretation of the legislative intent is supported by the legislative history of St. 1965, c. 785. The reform bill initially sent to the governor for approval did not contain any special advantage for members with greater than ten years service. Mass. H. 3745 (1965). Instead, only members who had completed one year in the next lower grade could compete for a promotion. Id. The governor refused to sign the bill, expressing a concern about the length of time a member must spend in the lower rank before becoming eligible for the next rank. Mass. H. Doc. No. 4230 at 2 (1965). Rather than further study the matter as the governor proposed, the legislature added the language contained in session 4, shortening the time required in the next lower grade for members with ten or more *252 years of service. Mass. H. Jour. 2492 (1965); Mass. H. 4287(1965).
12. In 1969, the legislature amended G.L.c. 22, §90 to broaden the reach of the exception that, prior to the amendment, only applied to members with more than ten years as of the effective date of the 1965 act. St. 1969, c. 193. As amended in 1969, G.L.c. 22, §90 provided for a competitive exam “open to all candidates who have completed not less than one year of service in the next subordinate grade, or who have completed a total of ten years of service as a member of the uniformed branch prior to the final date of filing the application.” St. 1969, c. 193. This language was then reenacted without substantive change in the consolidation bill, St. 1991, c. 412, §22, and is now codified in G.L.c. 22C, §26.
13. Familiar canons of statutoiy construction allow us to presume that the legislature was aware of the Attorney General’s 1966 opinion when it amended G.L.c. 22, §90 and subsequently reenacted the same language in G.L.c. 22C, §26. These subsequent reenactments did not manifest a clear intent to deviate from the Attorney General’s interpretation and therefore suggest that the legislature intended its words to be construed as they had been by the Attorney General.
14. The language now appearing in G.L.c. 22C, §26 has consistently been interpreted by the agency charged with its administration (first the Executive Office of Public Safety and now the Department of State Police) as allowing only those who have completed a full year in the next lower rank, or less than a full year if they have greater than ten years of total service, to compete for a promotion. Since 1969 when the first promotional examination was given, the agency has applied the criteria it now seeks to apply to the plaintiffs. This consistent interpretation is not only reasonable, but supported by the legislative history. It is, therefore, owed deference by this court.
15. The plaintiffs’ interpretation of Section 26 would lead to unreasonable and unworkable consequences that the legislature could not have intended.
16. One of the unreasonable results of the plaintiffs’ interpretation is that a trooper could compete for the rank of captain even though he or she has had no experience in the first- and second-level supervisory positions of sergeant and lieutenant. The rank of trooper is the entry-level rank in the state police. Troopers are not expected to possess supervisory or management skills and perform no supervisory or management functions. The rank of captain, on the other hand, is the third-level supervisory position. Captains may be assigned to command an entire troop, consisting of up to 240 officers, including lieutenants, sergeants, and troopers. They are responsible for all disciplinary matters and for evaluating the performance of those officers under their supervision. Although not all captains in the state police are assigned to command troops, all are expected to have the skill and qualifications necessary to do so. Given the management and leadership responsibilities associated with therank of captain the legislature could not have intended that troopers be eligible to compete for captain without progressing through the lower supervisory ranks of sergeantand lieutenant.
17. The plaintiffs’ interpretation of Section 26 would also compromise the efficiency and integrity of the promotional process, a result the legislature also could not have intended. G.L.c. 22C, §26 requires that promotions to the rank of captain be based in part on an oral interview. The interviews for the rank of captain last approximately thirty minutes, and are conducted by a board consisting of three higher-ranking officers from other state police departments. The Department, and the Division of the State Police before it, currently conducts the oral interviews before the written exam. This ensures that the interviews are not tainted by a candidate’s performance on the written exam. It also enables the Department to establish the eligible list for promotion immediately following the written exam, which minimizes the anxiety amongst the candidates generated by the written exam.
18. Under the plaintiffs’ interpretation, approximately 1,000 troopers and sergeants, in addition to the approximately 158 Lieutenants and Detective Lieutenants who applied to take the captain’s exam, would be eligible to compete for promotion to captain. Even if only 500 of those eligible to compete chose to do so, the Department could not conduct 500 interviews and would therefore have to conduct the written exam first to eliminate those who do not receive a passing score. Grading the exam prior to conducting interviews could compromise the integrity of the interviews. It would also compromise the efficiency of the promotional process.
19. It is unlikely that the legislature intended the Department to conduct interviews for 1,000 or even 500 promotional candidates. The burden this would impose on the Department may very well have been the reason the legislature eliminated the oral interview as a factor for promotion to the more populated ranks of noncommissioned officers. St. 1973, c. 793, §1.
20. In sum, the legislature did not intend by the language used in Section 26 to allow members of the state police to skip rank. Although it clearly intended to make it easier for members with greater than ten years of service in the state police to progress through the ranks, it did so by waiving the requirement that members complete a full year of service in the next lower rank before being eligible to compete for a promotion to the next rank. That way, members with *253 greater than ten years of service may progress through the ranks faster than a member with less than ten years experience. All members must however serve some time in the next lower rank in order to compete for a higher rank.
CONCLUSIONS OF LAW
1. Eligibility for promotional examinations to the titles of noncommissioned officer, lieutenant or captain in the Department of State Police, under G.L.c. 22C, §26, requires members to have completed not less than one year of service in the next lower rank, or title, or, in the alternative, to have spent at least some time in the next lower rank and to have completed at least ten years of service as a uniformed member prior to the final date for filing applications for the examination.
2. Plaintiffs were ineligible for the January 22,1994 promotional examination for captain because they had served no time in the rank of lieutenant or detective lieutenant.
ORDER FOR JUDGMENT
Judgment shall enter for the defendant and de fen - dant-intervenor and shall declare the rights between the parties as follows:
1. Eligibility for promotional examinations to the titles of noncommissioned officer, lieutenant or captain in the Department of State Police, under G.L.c. 22C, §26, requires members to have completed not less than one year of service in the next lower rank, or title, or, in the alternative, to have spent at least some time in the next lower rank and to have completed at least ten years of service as a uniformed member prior to the final date for filing applications for the examination.
2. Plaintiffs were ineligible for the January 22, 1994 promotional examination for captain because they had no time in the rank of lieutenant or detective lieutenant.